UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MEIERHENRY SARGENT LLP, | 16-4180 |
| Plaintiff, | |
| vs. | ORDER |
| BRADLEY WILLIAMS and KERRY WILLIAMS, | |
| Defendants. | |

**BACKGROUND**

In November 2016, Plaintiff filed a two-count Complaint against Defendants in Minnehaha County state court, seeking payment for legal fees Plaintiff alleges it is owed. Doc. 1-1. On December 30, 2016, Defendants filed a timely notice of removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. On January 6, 2017, Defendants filed a Motion to Stay and Compel Arbitration for claims asserted in Count II. Doc. 7. On May 1, 2017, the Court issued a Memorandum Opinion and Order granting the stay and compelling arbitration of Count II. Doc. 14.

When the Court stayed the lawsuit and compelled arbitration of Count II in its May 1, 2017, order, there were no counterclaims pending. The Court retained jurisdiction over the case. On August 23, 2017, Defendants presented Plaintiff with their Answer, Affirmative Defenses, and Counterclaims during the arbitration proceedings. Doc. 26 at 6.

On August 23, 2017, Plaintiff filed a Motion for Relief from Stay and Motion for Order to Declare the Scope of the Arbitration Proceedings. Doc. 16. Therein, Plaintiff requested an order from the Court determining the arbitrability of Defendants' counterclaims. On November 20, 2017, the Court issued a Memorandum Opinion and Order holding that only some of Defendants' counterclaims remain in arbitration and granting in part and denying in part Plaintiff's Motion for Relief from Stay and Motion for Order to Declare the Scope of the Arbitration Proceedings. Doc. 26.

1

On December 18, 2017, Defendants filed a notice of appeal of the Court's November 20, 2017, order with the Eighth Circuit Court of Appeals. Doc. 27.

On January 29, 2019, Defendants filed a Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration and this motion is currently pending before the Court. Doc. 34. Attached as an exhibit to Defendants' brief in support of its motion to stay is a copy of Defendants' Answer, Affirmative Defenses, and Counterclaims that was presented in the arbitration proceedings. Doc. 35-1. In its brief in support of its motion to stay, Defendants state that "the parties dispute whether [P]laintiff has been served with or otherwise provided notice of the [c]ounterclaims for purposes of satisfying or tolling any applicable statute of limitation that may apply to the [c]ounterclaims." Doc. 35. Defendants state that they "file[d] [the] motion [to stay] and their [c]ounterclaims . . . to avoid any contention a statute of limitations may apply to bar them based on not having been filed with the Court or served on [P]laintiff." Doc. 35.

On February 6, 2019, the Eighth Circuit Court of Appeals issued its opinion affirming the Court's November 20, 2017, order, except the Court's finding that the Williamses, not the firm, terminated the representation with that being a determination to be made within and for the arbitration proceedings and the court remanded for further proceedings. Doc. 36.

On February 15, 2019, Plaintiff filed its response to Defendants' Motion to Stay Proceeding Pending Appellate Proceedings and Arbitration. Doc. 38. Plaintiff stated that it has no objection to Defendants filing their Answer, Affirmative Defenses and Counterclaims, but contend that that pleading has not been served to date in these proceedings. Doc. 38. Since the Court of Appeals has already issued its decision, Plaintiff stated that once the pleading is filed, it has no objection to the Court staying these proceedings pending the arbitration of any claims in these proceedings. Doc. 38.

**ANALYSIS**

Under the Local Rules 5.1, "[a]ll attorneys, including attorneys admitted pro hac vice and attorneys authorized to represent the United States, must register with the court's electronic filing system . . . [and] [r]egistration constitutes written consent to electronic service of all documents filed in accordance with these rules and the Federal Rules of Civil Procedure." D.S.D. L.R. 5.1.1. "Receipt of Notice of Electronic Filing (NEF) that is generated by the Case

Management/Electronic Case Filing (CM/ECF) system constitutes service of pleadings or other papers on any person who has consented to electronic service." L.R. 5.1.2.

As stated above, Defendants filed their Answer, Affirmative Defenses and Counterclaims with the Court as an exhibit to Defendants' brief in support of their Motion to Stay Proceedings Pending Appellate Proceedings and Arbitration. Doc. 35-1.

It is ORDERED that Plaintiff shall hereby file with the Court no later than 5:00 p.m. on April 8, 2019, legal authority to support its argument that it has not be served with Defendants' Answers, Affirmative Defenses, and Counterclaims.

Dated this 1ST day of April, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK
BY: _____
(SEAL)      DEPUTY