UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MEIERHENRY SARGENT LLP,<br><br>Plaintiff,<br>vs.<br><br>BRADLEY WILLIAMS and KERRY WILLIAMS,<br><br>Defendants. | CIV. 16-4180<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS ON COUNTERCLAIMS |

On January 29, 2019, Defendants filed a Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration and this Motion is currently pending before the Court. Doc. 34. For the following reasons, Defendants' Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration is denied.

**BACKGROUND**

In November 2016, Plaintiff filed a two-count Complaint against Defendants in Minnehaha County state court, seeking payment for legal fees Plaintiff alleges it is owed. Doc. 1-1. On December 30, 2016, Defendants filed a timely notice of removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. On January 6, 2017, Defendants filed a Motion to Stay and Compel Arbitration for claims asserted in Count II. Doc. 7. On May 1, 2017, the Court issued a Memorandum Opinion and Order granting the stay and compelling arbitration of Count II. Doc. 14.

When the Court stayed the lawsuit and compelled arbitration of Count II in its May 1, 2017, order, there were no counterclaims pending. The Court retained jurisdiction over the case. On August 23, 2017, Defendants presented Plaintiff with their Answer, Affirmative Defenses, and Counterclaims during the arbitration proceedings. Doc. 26 at 6.

On August 23, 2017, Plaintiff filed a Motion for Relief from Stay and Motion for Order to Declare the Scope of the Arbitration Proceedings. Doc. 16. On August 23, 2017, and September 27, 2017, respectively, Plaintiff filed affidavits in support of its opening and reply briefs in support of its motion, and attached as exhibits to the affidavits, a copy of Defendants' Answer, Affirmative

1

Defenses, and Counterclaims that it presented during the arbitration proceedings. Doc. 18-2, 23-1. In its motion, Plaintiff requested an order from the Court determining the arbitrability of Defendants' Counterclaims. On November 20, 2017, the Court issued a Memorandum Opinion and Order holding that only some of Defendants' Counterclaims remain in arbitration and granted in part and denied in part Plaintiff's Motion for Relief from Stay and Motion for Order to Declare the Scope of the Arbitration Proceedings. Doc. 26.

On December 18, 2017, Defendants filed a notice of appeal of the Court's November 20, 2017, order with the Eighth Circuit Court of Appeals. Doc. 27.

On January 29, 2019, Defendants filed a Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration and this Motion is currently pending before the Court. Doc. 34. Attached as an exhibit to Defendants' brief in support of its Motion to stay is a copy of Defendants' Answer, Affirmative Defenses, and Counterclaims that was presented in the arbitration proceedings. Doc. 35-1. The caption on Defendants' Answer, Affirmative Defenses, and Counterclaims states "IN PRIVATE ARBITRATION" (AS ORDERED BY THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, SOUTHERN DIVISION, CIV. NO. 16-4180, DOCKET ENTRY 14). Doc. 35-1.

On February 6, 2019, the Eighth Circuit Court of Appeals issued its opinion affirming the Court's November 20, 2017, order, except the Court's finding that the Williamses, not the firm, terminated the representation with that being a determination to be made within and for the arbitration proceedings and the court remanded for further proceedings. Doc. 36.

On February 15, 2019, Plaintiff filed its response to Defendants' Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration. Doc. 38. Plaintiff stated that it has no objection to Defendants filing their Answer, Affirmative Defenses and Counterclaims, but contends that that pleading has not been served to date in these proceedings. Doc. 38.

On April 2, 2019, the Court ordered Plaintiff to file with the court legal authority to support its argument that it has not been served with Defendants' Answers, Affirmative Defenses, and Counterclaims. Doc. 41. Plaintiff filed its Memorandum of Law in response to the Court's Order on April 8, 2019, and Defendants filed their response brief on April 16, 2019. Docs. 42 & 44.

## DISCUSSION

Pending before the Court is Defendants' Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration. Doc. 34. Therein, Defendants ask the Court to stay its non-arbitrable Counterclaims pending the conclusion of arbitration.[1] Doc. 34. Attached as an exhibit to its memorandum of law in support of its motion is a copy of the Defendants Answer, Affirmative Defenses, and Counterclaims that was presented during the arbitration proceedings. Doc. 35-1. In their brief in support of their Motion to Stay, Defendants state "[t]o avoid any contention a statute of limitations may apply to bar any Counterclaims, defendants file this motion and their Counterclaims, without prejudice to the pending appeal and the arbitration proceedings, solely to avoid any contention a statute of limitations may apply to bar them based on not having been filed with the Court or served on plaintiff." Doc. 35 at 3.

In response, Plaintiff contends that the Court is precluded from granting Defendants' Motion to Stay proceedings on Defendants' Counterclaims on the basis that Defendants' Counterclaims are not properly before the Court. Docs. 38 & 42. In the alternative, Plaintiff argues that Defendants' Motion to Stay "should be denied on the basis that Defendants' request to submit their Counterclaims to the Court resulted in a procedural nullity." Doc. 42.

Defendants contend pursuant to Local Rule 5.1.B.1[2], their Answer, Affirmative Defenses and Counterclaims have been filed with the Court on three separate occasions: 1) on August 23, 2017, as an attachment to an affidavit in support of Plaintiff's Opening Brief in Support of its Motion for Relief from Stay and Motion for Order to Declare the Scope of the Arbitration Proceedings; Doc. 18-1; 2) on September 27, 2017, as an attachment to an affidavit in support of Plaintiff's Reply Brief in Support of its Motion for Relief from Stay and Motion for Order to Declare the Scope of the Arbitration Proceedings, Doc. 23-1; and 3) on January 29, 2019, as an

---

[1] Defendants also seek to stay proceedings on their Counterclaims pending appellate review. This is now a moot issue as the Eighth Circuit Court of Appeals issued its decision affirming the Court's November 20, 2017, order, except the Court's finding that the Williamses, not the firm, terminated the representation with that being a determination to be made within and for the arbitration proceedings and the court remanded for further proceedings. Doc. 36.

[2] Local Rule 5.1(B)(1) states as follows:
Electronic transmission of a document to the Electronic Filing System together with the transmission of a Notice of Electronic Filing from the court constitutes filing of the document for all purposes of the local rules of this court and the Federal Rules of Civil Procedure and constitutes entry of the document on the docket kept by the clerk of court under Red. R. Civ. P. 58 and 79.

3

attachment to Defendant's memorandum in support of its Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration, Doc. 35-1. Defendants ask the Court to treat their Answer, Affirmative Defenses, and Counterclaims as having been properly filed and served on Plaintiff as of either August 23, 2017, or January 29, 2019, and to stay all further proceedings on their Counterclaims pending the conclusion of arbitration. Doc. 44.

Rules 5 and 83 of the Federal Rules of Civil Procedure authorize courts to establish practices and procedures for the filing, signing and verification of documents by electronic means. Fed. R. Civ. P. 5 & 83. However, just because a document is "filed" or docketed, does not mean that the filing need not comply with other applicable Federal Rules of Civil Procedure. For example, a motion or pleading "filed" with the Court must also comply with the filing deadlines established the Rules of Civil Procedure.

Federal Rule 13(a)(1) requires that counterclaims be stated in "a pleading." Fed. R. Civ. P. 13(a)(1); *see Davis v. White*, 794 F.3d 1008, 1016 (8th Cir. 2015). The Court finds that there has not been a Notice of Electronic Filing[3] transmitted to either party in this case acknowledging receipt of an answer or any other pleading filed by Defendants. Instead, Defendants have filed, as an exhibit to their motion, a copy of their Answer, Affirmative Defenses, and Counterclaims that they presented in the arbitration proceedings. The caption on Defendants' Answer, Affirmative Defenses, and Counterclaims plainly states that they were submitted "IN PRIVATE ARBITRATION." Doc. 35-1.

---

[3] On August 23, 2017, the Notice of Electronic Filing generated for Document Number 18 in this case, "AFFIDAVIT in Support re [16] MOTION Plaintiff's Motion for Relief from Stay and Motion for Order to Declare the Scope of the Arbitration Proceedings filed by All Plaintiffs. (Attachments: # (1) Exhibit Complaint and Demand for Jury Trial, # (2) Exhibit Defendants' Answer, Affirmative Defenses, and Counterclaims, # (3) Exhibit Defendants' Brief Regarding Arbitration Protocols)."

On September 27, 2017, the Notice of Electronic Filing generated for Document Number 23 in this case, "AFFIDAVIT in Support re [16] MOTION Plaintiff's Motion for Relief from Stay MOTION for Order to Declare the Scope of the Arbitration Proceedings *Edwin E. Evans* filed by Meierhenry Sargent LLP. (Attachments; # (1) Exhibit Defendants' Answer, Affirmative Defenses, and Counterclaims, # (2) Exhibit June 30, 2017 Email, # (3) Exhibit June 28, 2016 Settlement Letter, # (4) Exhibit August 1, 2017 and August 16, 2017 Email Exchange, # (5) Exhibit Plaintiff's Brief in Support of Arbitration Protocols, # (6) Exhibit June 20, 2017 and July 6, 2017 Email Exchange, # (7) Exhibit August 1, 2017 Email, # (8) Exhibit August 3, 2017 Inquiry and August 5, 2017 Response, # (9) Exhibit May 26, 2017 and June 20, 2017 Email Exchange, # (10) Exhibit August 5, 2017 Email)".

On January 29, 2019, the Notice of Electronic filing generated for Document Number 35 in this case, "MEMORANDUM in Support re [34] MOTION to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration filed by Bradley Williams, Kerry Williams. (Attachments # (1) Exhibit Exhibit (sic) – Arbitration Answer)."

4

The Court finds this case analogous to *Northern Valley Communications, LLC v. Qwest Communication Co., LLC*, Civ. No. 11-4052, 2012 WL 523685 (D.S.D. Feb. 16, 2012) (J. Schrier). There, the defendants filed a motion to file counterclaims before submitting its answer in an effort to assist the parties in briefing the pending summary judgment motions. *Id.* at *2. The plaintiffs resisted on the basis that the defendant could not file counterclaims separately from a pleading. *Id.*

The court denied the defendant's motion to file counterclaims. *Id.* In support, the court stated that:

> "Federal Rule 7(a)[4] purports to enumerate all of the pleadings permitted in federal practice. In doing so the rule, which applies exclusively to the pleadings, sharply limits the nature and number of pleadings available under the federal rule." 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1183 (3d ed.). Because a counterclaim is not a stand alone pleading, it must be stated within a pleading.

*Id.* The Court cited several cases where courts have refused to allow a party to assert counterclaims that are not stated within a pleading. *Id.* (citing *Microsoft Corp. v. Ion Tech Corp.*, 484 F.Supp.2d 955, 965 (D. Minn. 2007) ("Counterclaims [] must appear in a pleading, and a separate document that contains counterclaims is not a permissible pleading."); *Columbia Gas Transmission LLC v. Crawford*, 267 F.R.D. 227, 228 (N.D. Ohio 2010) ("[A] counterclaim is not a 'pleading' but rather a claim asserted within a 'pleading'-like an answer."); *Bernstein v. IDT Corp.*, 582 F.Supp. 1079, 1089 (D. Del. 1984) (dismissing counterclaims that were filed in a separate document instead of a pleading; *cf. In re Cessna Distrib. Antitrust Litig.*, 532 F.2d 64, 67 (8th Cir. 1976) (reasoning that "[a]ppellants could assert the cross-claim only in their answer.").

---

[4] Rule 7(a) states:

Only these pleadings are allowed:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).

5

In the present case, because Defendants have not asserted their Counterclaims within a pleading, the Counterclaims are not presently before the Court. Accordingly,

IT IS ORDERED that Defendants' Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration, Doc. 34, is DENIED. Plaintiff's Counterclaims have not been asserted within a pleading and are thus, not pending before the Court.

Dated this 14th day of May, 2019.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK
*[signature]*