UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MEIERHENRY SARGENT LLP,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY WILLIAMS and KERRY WILLIAMS,<br><br>Defendants. | CIV. 16-4180<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION TO RE-DECLARE SCOPE OF ARBITRATION PROCEEDINGS |

The Court's interlocutory order granting Plaintiff's motion to stay arbitration until the Court could rule upon Plaintiff's Motion to Re-Declare the Scope of Arbitration. That interlocutory order for stay is on appeal with the Eighth Circuit Court of Appeals. Doc. 72. Still pending before the Court are Defendants' Motion for Reconsideration, Doc. 46, and Plaintiff's Motion to Re-Declare the Scope of Arbitration Proceedings, Doc. 50, which were argued before the Court on October 23, 2019. For the following reasons, Defendants' Motion for Reconsideration is denied and Plaintiff's Motion to Re-Declare the Scope of Arbitration Proceedings is granted.

## BACKGROUND

When the Court stayed this lawsuit and compelled arbitration of Count II in its May 1, 2017, order, there were no counterclaims pending, and the Court retained jurisdiction over the case. Doc. 14. Defendants presented Plaintiff with their Answer, Affirmative Defenses, and Counterclaims during the arbitration proceeding. Docs. 18-2; 26 at 6.

On August 23, 2017, Plaintiff filed a Motion for Relief from Stay and Motion for Order to Declare the Scope of the Arbitration Proceedings. Doc. 16. In its motion, Plaintiff requested an order from the Court determining the arbitrability of Defendants' counterclaims.

On November 20, 2017, the Court issued a memorandum opinion and order granting in part and denying in part Plaintiff's Motion to Re-Declare the Scope of the Arbitration Proceedings. Doc. 26. In ruling on the arbitrability of Defendants' counterclaims, the Court had to determine

1

whether or not the counterclaim encompassed matters the parties "reasonably would have thought a judge, not an arbitrator, would decide." Doc. 26 at 7 (quoting *Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc.*, 516 F.3d 695, 701 (8th Cir. 2008)). The Court ruled that Count IV, alleging breach of contract, Count IX alleging breach of fiduciary duty, and Count X alleging negligence were all arbitrable with the exception of allegations of defamation encompassed in Defendants' breach-of-contract counterclaim. Doc. 26. The Court held that "[a]rbitrators determining damages against Plaintiff was not reasonably contemplated by the parties when they entered into the Attorney Fee Contract arbitration clause," and that "the parties would not have contemplated a separate award of damages against Plaintiff except as an offset against claimed attorney fees." Doc. 26 at 10.

On December 18, 2017, Defendants filed a notice of appeal of the Court's November 20, 2017, order with the Eighth Circuit Court of Appeals. Doc. 27.

On January 29, 2019, Defendants filed a Motion to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration. Doc. 34. Attached as an exhibit to Defendants' brief in support of its Motion to Stay is a copy of Defendant's Answer, Affirmative Defenses, and Counterclaims that was presented to Plaintiff in the arbitration proceedings. Doc. 35-1. The caption on Defendants' Answer, Affirmative Defenses, and Counterclaims states "IN PRIVATE ARBITRATION (AS ORDERED BY THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, SOUTHERN DIVISION, CIV. NO. 16-4180, DOCKET ENTRY 14)". Doc. 35-1.

On February 6, 2019, the Eighth Circuit Court of Appeals affirmed the Court's ruling on the arbitrability of Defendants' counterclaims. Doc. 36. The court rejected Defendants' argument that this Court should have ignored the remedies Defendants requested in deciding the arbitrability question. Doc. 36 at 6. The court stated that "the fee agreement ties arbitration to a particular remedy available to the firm: recovery of the termination fee," and stated that accordingly, "it is logical—indeed, necessary—to determine what the counterclaims seek." Doc. 36 at 6. The court held that "[i]f what they seek is to reduce or eliminate the money the Williamses owe to the firm, the claims are arbitrable; if they seek something else—like money *from* the firm—they are not." Doc. 36 at 6. Despite affirming this Court's holding that damages on Defendant's counterclaims are arbitrable only as an offset to attorneys' fees claimed by Plaintiff, the Court of Appeals

2

appeared to characterize, in dicta[1], this Court's order as allowing damages on Defendants' breach-of-contract counterclaim because the Court did not specifically include its limitation on damages language in the paragraph of its order discussing Defendants' breach-of-contract counterclaim. This Court reads the footnote as not altering the Court of Appeals' holding that any separate damages against Plaintiff could only be an offset against claimed attorney fees and nothing more.

On May 14, 2019, after the parties submitted additional briefs upon order of the Court on Defendants' motion to stay proceedings on counterclaims, the Court denied Defendants' motion. The Court reasoned that it was unable to stay counterclaims that had not been filed with the Court. Doc. 45. The Court was unaware at that time that there were potential statute of limitations questions on the counterclaims.

On May 22, 2019, Defendants filed a motion asking this Court to reconsider its decision. Doc. 46. This motion is presently pending before the Court.

After receiving the Eighth Circuit's mandate, the parties proceeded in arbitration. On May 29, 2019, Defendants moved the arbitration panel "for leave to submit a claim for punitive damages against Plaintiff and to conduct discovery thereon, relative to the arbitrable portions of Defendants' counterclaims." Doc. 52-2. On or around June 5, 2019, Plaintiffs submitted a brief to the arbitrators in opposition to Defendants' Motion for Punitive Damages on the grounds that it sought relief that was beyond the scope of the arbitration provision as set forth by this Court and affirmed by the Eighth Circuit. Doc. 52-3. The arbitration panel denied Defendants' motion for leave to submit a claim for punitive damages on the grounds that it contravened the directives of this Court and the Eighth Circuit Court of Appeals that "[i]f the counterclaims seek to reduce or eliminate the money the Williamses owe to the firm, the claims are arbitrable; if they seek something else – like money from the firm – they are not." Doc. 52-4 at 4-5. The panel noted that this Court specifically ruled that arbitrators determining damages against Plaintiff was not reasonably

---

[1] Specifically, the Court of Appeals stated that the counterclaims that remain in arbitration generally seek to establish that the Williamses should pay a lower fee than the firm requested, or no fee at all. The court noted in footnote 2 that:
> The only exception is the breach-of-contract claim, which still seeks damages even though the district court excised portions of it from the arbitration. The firm did not file a cross-appeal, however, and the Williamses argue the court has allowed the parties to arbitrate too little, not that it has made them arbitrate too much, so we need not decide whether the court erred by allowing the breach-of-contract claim (or any of the others) to proceed.

Doc. 36 at 6.

3

contemplated by the parties when they entered into the Attorney Fee Contract arbitration clause and that Defendants' claim for treble damages was not arbitrable. Doc. 52-4 at 4. The panel concluded that if, under this Court's ruling, it is not empowered to consider treble damages to be determined against the Plaintiff, it has no authority to consider Defendants' claim for punitive damages. Doc. 52-4 at 5.

Defendants requested that the panel clarify its ruling denying Defendants' request for leave to seek punitive damages. Doc. 52-5. Defendants noted that the panel's order states that the district court "specifically ruled that Arbitrators determining damages against Plaintiff was not reasonably contemplated by the parties when they entered into the Attorney Fee Contract . . . ." Defendants requested that this statement be clarified because, as Defendants argued, they are entitled to seek damages against Plaintiff in the arbitration under Counterclaim IV alleging breach of contract and as an offset against Plaintiff's fee claim under Counterclaims IX and X alleging breach of fiduciary duty and negligence. Docs. 52-5; 52-8.

Plaintiff filed its opposition to Defendants' request for clarification with the panel. Doc. 52-6. Therein, it stated that "the Panel cannot issue a separate award of damages for conduct unrelated to establishing a fair fee award. Once again, anything not relating to determining a fair fee would be a matter the parties reasonably contemplated that a judge, not an arbitrator, would decide." Docs. 52-6 at 3; 52-9.

On or around July 29, 2019, the two arbitrators appointed by Defendants found Defendants' arguments to be persuasive and granted Defendants' motion for clarification. Doc. 52-11. In their order, the panel ruled that Defendants may be awarded damages against Plaintiff in the arbitration for Counterclaim IV alleging breach of contract and may be awarded damages as an offset against Plaintiff's fee claim for Counterclaims IX and X alleging breach of fiduciary duty and negligence. Doc. 52-11.

The arbitrator appointed by Plaintiff dissented. Doc. 52-11 at 5. The dissenting arbitrator concluded that the arbitrability of a counterclaim depends on whether it is properly characterized as damages or a setoff. Because the panel was unable at that point to consider the nature of the claimed damages, the arbitrator stated that he would deny the request for clarification as premature. Doc. 52-11 at 5.

On or around August 1, 2019, Defendants submitted a report for their expert regarding damages associated with Defendants' counterclaims. Doc. 52-13. Therein, the expert gave several opinions. First, the expert stated that it was his opinion that Plaintiff breached the Attorney Fee Contract by failing and refusing to honor the agreed-upon dispute resolution process. Doc. 52-13 at 11. Second, the expert stated that it was his opinion that Plaintiff breached applicable standards of care for an attorney in his handling of the fee arrangement between the parties. Doc. 52-13 at 12. Third, the expert stated that Plaintiff breached applicable duties of care to Defendants if it made an unauthorized settlement offer to Dakota Access on March 4, 2016. Doc. 52-13 at 15. Fourth, the expert opined that the actions of Plaintiff were the direct and proximate cause of damages to Defendants. Doc. 52-13 at 16. The expert stated that in his opinion, the damages that Defendants suffered from Plaintiff's alleged breach of contract, negligence, and breach of fiduciary duties caused Defendant to experience damages based on the easement and land value ranging from $350,000 to $1,923,755; attorney's fees of $257,000; and capital gains taxes of $300,000. Doc. 52-13 at 18-20. The expert acknowledged that the panel would not be awarding damages for Plaintiff's malpractice and breach of fiduciary duty defenses and counterclaims, but could only consider these damages as an offset to Plaintiff's fee claim. Doc. 52-13 at 20.

On August 8, 2019, Plaintiff filed a Motion to Re-Declare the Scope of Arbitration Proceedings with this Court. Doc. 50. Therein, Plaintiff argues that the arbitration panel is, contrary to this Court's directive and that of the Eighth Circuit Court of Appeals, seeking to recover affirmative damages under Counterclaim IX alleging breach of contract.

On August 30, 2019, Plaintiff filed a Motion to Disqualify Arbitrators and a Motion to Stay Arbitration Proceedings. Docs. 55, 56. On September 27, 2019, the Court entered an order staying arbitration until the Court could rule on the pending motion to Re-Declare the Scope of Arbitration Proceedings, Doc. 68, and on October 23, 2019, held oral argument on Defendants' Motion for Reconsideration and Plaintiff's Motion to Disqualify Arbitrators and Motion to Re-Declare the Scope of Arbitration Proceedings, Doc. 71.

At the hearing, the Court denied Plaintiff's Motion to Disqualify Arbitrators. The Court did not reach the question of whether the arbitrators should be disqualified. Instead, the Court ruled that the Court did not have authority to consider that question at this point in the proceedings.

The Court also ordered the parties to file the emails and drafts of a statute of limitation tolling agreement that were exchanged between the parties regarding counterclaims against the Plaintiff. The Court was not aware until the October 23, 2019, hearing that the parties had discussed and exchanged drafts of a tolling of statute of limitations on counterclaims.

The communications between the parties regarding tolling of the statute of limitations are clear. On December 31, 2018, defense counsel emailed plaintiff's counsel stating:

> As we wait for the conclusion of appellate proceedings, it would be prudent to stipulate to a tolling, to the extent necessary, of any statutes of limitation applicable to the Clients' counterclaims. If the counterclaims are not going to be arbitrated, in whole or in part, they must be filed with the court, and we'd like to avoid the time and expense of filing the counterclaims with the court only to then request they be stayed pending the conclusion of the appellate proceedings and/or arbitration. Do you agree?

On January 23, 2019, in an email to plaintiff's counsel, defense counsel stated that "[i]f my edits [to a draft tolling agreement] are not acceptable, we will just file the counterclaims as a precautionary measure with a request to stay them pending the appellate proceedings." Finally, on January 28, 2019, defense counsel emailed plaintiff's counsel stating:

> Your drafts are over complicating this and re-writing the record. All we want is a simple placeholder on file in case the counterclaims have to be tried in some fashion in court. We'll just plan to file a motion with the counterclaims and ask that court proceedings on them be stayed pending conclusion of the appellate and arbitration proceedings.

After the conclusion of the hearing on October 23, 2019, the Court took Defendants' Motion to Reconsider and Plaintiff's Motion to Re-Declare the Scope of Arbitration Proceedings under advisement.

On October 24, 2019, the day following the hearing, Defendants filed a notice of appeal with the Eighth Circuit Court of Appeals, seeking review of this Court's Order, Doc. 68, granting Plaintiff's Motion to Stay Arbitration Proceedings. Doc. 72.

## DISCUSSION

"Generally, '[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal.*'" *Chambers v. Pennycook*, 641 F.3d 898, 903-04 (8th Cir. 2011) (quoting *Griggs v. Provident*

*Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). Because the Motion to Reconsider a Stay on Proceedings on Defendants' Counterclaims in federal district court and Motion to Re-Declare the Scope of Arbitration Proceedings are not "aspects of the case involved in the appeal" of this Court's order granting Plaintiff's Motion to Stay Arbitration, the Court retains jurisdiction to rule on these outstanding motions.

I.  **Motion for Reconsideration, Docket 46**

Presently pending before the Court is Defendants' motion to reconsider the Court's order denying Defendants' motion to stay proceedings on counterclaims. On October 23, 2019, the Court held oral argument on this motion. At the hearing, the parties stated that throughout the month of January 2019, they had sought to enter a tolling agreement, but were unable to come to an agreement. Defendants stated that at the time they filed their motion to stay proceedings on their counterclaims, the statute of limitations had not yet passed on their counterclaims. In response to the Court's order at the motion hearing, the parties submitted the drafts of their tolling agreement along with relevant email communications regarding the parties' negotiations. Docs. 75, 76.

In its order denying Defendants' Motion to Stay Proceedings on Counterclaims, the Court concluded that it was prevented from staying Defendants' counterclaims because they had not been filed separately as a pleading with the Court, but rather as an attachment to Defendants' brief in support of their motion to stay counterclaims. In short, the Court concluded that there were not counterclaims filed with the Court to be stayed. The Court notes that in addition, Defendants did not request leave to file their counterclaims. Such a request would have been granted as a matter of course as there would be no basis to contest such a request. Additionally, the caption on Defendants' answer was not formatted as a pleading to be filed in this case. The caption read that the case was "IN PRIVATE ARBITRATION (AS ORDERED BY THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, SOUTHERN DIVISION, CIV. NO. 16-4180, DOCKET ENTRY 14."

At the hearing, Defendants disputed this Court's characterization of its counterclaims as not being contained within a pleading. The Court recognizes that Defendants do not submit their counterclaims as a stand-alone document, but instead offer the counterclaims as part of Defendants' Answer that had been filed in the arbitration proceedings. The Court's point in citing

7

these cases in its Memorandum Opinion and Order Denying Defendants' Motion to Stay Proceedings on Counterclaims was to highlight the fact that Defendants' Answer, Affirmative Defenses, and Counterclaims had not been docketed with the Court. The Court noted Local Rule 5.1(B)(1) which states that "a Notice of Electronic Filing from the court constitutes filing of the document for all purposes of the local rules of this court and the Federal Rules of Civil Procedure." Defendants filed their Answer, Affirmative Defenses, and Counterclaims as an attachment to their brief in support of their Motion to Stay Proceedings on Counterclaims and the January 29, 2019, Notice of Electronic filing generated for this filing (Document No. 35) is entitled "MEMORANDUM in Support re [34] MOTION to Stay Proceedings on Counterclaims Pending Appellate Proceedings and Arbitration filed by Bradley Williams, Kerry Williams. (Attachments # (1) Exhibit Exhibit (sic) – Arbitration Answer)."

Defendants stated in their brief in support of their Motion for Reconsideration that "[D]efendants' intended by their motion [to stay proceedings on counterclaims], *Docket No. 34*, that the Court accept as filed and served on plaintiff, and treat as stayed and tolled, all nonarbitrable portions of their Answer, Affirmative Defenses, and Counterclaims." Doc. 47. As noted by the Court in its Memorandum Opinion and Order Denying Defendants' Motion to Stay Proceedings on Counterclaims, the Court is unable to stay proceedings on counterclaims that have not been filed with the Court. Nor did Defendants ever seek leave to file their Answer, Affirmative Defenses and Counterclaims with this Court in their motion to stay, which, the Court noted above, it would have granted as there would be no basis on which to contest such a motion.

As Defendants well know "the pursuit of arbitration [does] not toll the federal statute of limitations." *Zarecor v. Morgan Keegan & Co., Inc.*, 801 F.3d 882, 889 (8th Cir. 2015). The Eighth Circuit Court of Appeals has stated that "there is an accepted procedure for pursuing arbitration and a lawsuit simultaneously." *Id.* "A plaintiff may file a suit within the statute of limitations and then seek a stay of the action pending arbitration: 'Such a course would have guaranteed that the lawsuit was brought within the limitations period without waiving any right to arbitration which may have existed.'" *Id.* (quoting *Fonseca v. USG Ins. Servs.*, 467 Fed.Appx. 260, 261 (5th Cir. 2012)). It became clear to the Court during the October 23, 2019, motions hearing that Defendants knew at the time they filed their motion to stay that they may soon run into a statute of limitations issue on at least one of their counterclaims, yet Defendants never filed

their Answer, Affirmative Defenses and Counterclaims with the Court nor sought leave of the Court to do so. Defendants now argue that the Court treat as filed and served on Plaintiff their Answer, Affirmative Defenses and Counterclaims when they filed their Motion to Stay. The Court is unable to do so.

The Court has considered Defendants' Motion for Reconsideration. Having done so, the Court finds no manifest error of law or fact. In addition, there is no new evidence that warrants a different result than was previously ordered.

## II. Motion to Re-Declare Scope of Arbitration Proceedings, Docket 50

The Supreme Court has held that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). "The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)); *Local 38N Graphic Communc'ns Conference/IBT v. St. Louis Post-Dispatch, LLC*, 638 F.3d 824, 826 (8th Cir. 2011) (citing *United Steelworks of Am.*, 363 U.S. at 649). As stated in this Court's order compelling arbitration, questions of arbitrability are matters within this Court's exclusive jurisdiction as the parties' arbitration clause did not provide otherwise. Doc. 14 at 9. The Court again exercised its exclusive jurisdiction to determine "questions of arbitrability" when it issued its November 20, 2017, order declaring some of counterclaims, which Defendants had presented in arbitration, as being arbitrable, while ruling that other counterclaims were not arbitrable because they fell outside the scope of the arbitration agreement entered into by and between the parties. Doc. 26.

Defendants argue that "[r]ecognizing its motion seeks to change the November 20, 2017, Order by adding limits to it that were expressly stated as to certain Counterclaims but not Counterclaim IV, plaintiff asks the Court to rule on the merits of evidence and arguments presented in arbitration, preclude the arbitrators from considering or ruling on defendants' damages for Counterclaim IV, and disallow any 'claims for unethical conduct.'" Doc. 53 at 9-10.

The Eighth Circuit Court of Appeals has already concluded that the issue of affirmative damages on the Defendants' breach-of-contract counterclaim is not an issue relating to the merits of that claim, but rather is an issue relating to the arbitrability of that claim. Doc. 36 at 6. While the court acknowledged that arbitrability generally does not depend on the remedy sought because arbitration clauses are often silent about available remedies, the court stated that this case is unique because the fee agreement ties arbitration to a particular remedy available to the firm: recovery of the termination fee. *Id.* Accordingly, whether the parties have submitted to arbitration a claim for affirmative damages that exceeds the termination fee claimed by Plaintiff is a question of arbitrability within this Court's exclusive jurisdiction.

Defendants contend that Plaintiff's motion is essentially a motion to reconsider. Defendants argue that in its November 20, 2017, order, this Court permitted arbitration of Counts IX and X alleging breach of fiduciary duty and negligence, and specifically limited damages recoverable to those that offset Plaintiff's fee claim. Defendants claim that this Court's order permitting arbitration of Count IV alleging breach of contract (other than portions of its seeking defamation) did not specifically limit damages recoverable to those that offset Plaintiff's fee claim. Defendants note that the Court's order was affirmed on appeal and argue that a footnote in the decision by the Court of Appeals in which the court, in dicta, appeared to characterize this Court's order as allowing Defendants to arbitrate an affirmative claim for damages under their breach of contract counterclaim.

The Court disagrees with Defendants' characterization of Plaintiff's motion as a motion to reconsider. It is true, as Defendants' argue, that in its opinion the Court omitted discussion of damages recoverable for the breach-of-contract counterclaim, either as affirmative relief or as an offset to Plaintiff's termination fee claim. However, the Court clearly held that "[a]rbitrators determining damages against Plaintiff was not reasonably contemplated by the parties when they entered into the Attorney Fee Contract arbitration clause," and stated that damages are recoverable only "as an offset against claimed attorney fees." Doc. 26 at 10. The Court's decision was affirmed on appeal. On appeal, the Court of Appeals concluded that the language of the arbitration clause requires arbitration only of disagreements about the termination fee, not disputes arising out of or "based on" a fee dispute. Doc. 26 at 6. Accordingly, the Court of Appeals held that "[i]f what [the Williamses] seek is to reduce or eliminate the money [they] owe to the firm, the claims

are arbitrable; if they seek something else—like money *from* the firm—they are not." Doc. 36 at 6.

Given that this Court has already held that a claim of damages exceeding the termination fee owed in this case is inconsistent with the parties' agreement, the arbitration panel lacks jurisdiction over such a claim. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1112 (11th Cir. 2004) (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Texas Steel Co.*, 639 F.2d 279, 281 (5th Cir. 1981) ("'Arbitrability' is said to involve the jurisdiction of the arbitration panel . . . .")). The next question the Court must address, then, is what remedies it has to enforce its order and jurisdiction over any affirmative damages claim arising from Defendants' breach-of-contract counterclaim.

As noted by the Eighth Circuit Court of Appeals in its February 6, 2019, opinion, federal courts do not have general supervisory authority over ongoing arbitration proceedings. Doc. 36 at 3 (citing 9 U.S.C. § 16 (listing various orders a district court might issue in connection with an arbitration)). However, the Court of Appeals had already affirmed this Court's authority to enjoin the Williamses from arbitrating some of their counterclaims, Doc. 36 at 4-5, presumably because "questions of arbitrability" are "issue[s] for judicial determination [u]nless the parties clearly and unmistakably provide otherwise," *Howsam*, 537 U.S. at 83 (citation omitted).

Additionally, the All Writs Act, 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Although the All Writs Act does not independently confer subject-matter jurisdiction on federal courts, *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31 (2002), it does "authorize a federal court 'to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of order its has previously issued in its exercise of jurisdiction otherwise obtained,'" *Penn. Bureau of Corr. v. Marshals Serv.*, 474 U.S. 34, 40 (1985). "The All Writs Act invests a court with a power essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law." *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999); *see also Chamber v. Cassady*. For example, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation omitted).

11

In *Klay v. United Healthgroup, Inc.*, the Eleventh Circuit Court of Appeals concluded that the district court abused its discretion in enjoining arbitration on claims that it had previously ruled were nonarbitrable. 376 F.3d 1092, 1111-1113 (11th Cir. 2004). The court reasoned that the district court's arbitration order, in designating certain claims as nonarbitrable, simply held that the plaintiffs could not be compelled to arbitrate them, not that the parties were prohibited from arbitrating those claims. *Id.* at 1112. The court concluded that by purporting to proceed with the arbitration of nonarbitrable claims, the defendant was not circumventing the court's arbitration order, but was "instead merely engaging in a pointless, fruitless exercise." *Id.* The court stated further that if an issue is nonarbitrable, the arbitrators lack jurisdiction over it. *Id.* The court stated that "[i]t is precisely because arbitrating nonarbitrable claims is such a pointless endeavor that it does not threaten or undermine either the district court's existing order or its jurisdiction over the pending cases." *Id.* at 1113. The court noted that if defendants obtained an award from the arbitrators on nonarbitrable claims, plaintiffs had an adequate remedy at law under 9 U.S.C. § 10(a)(4) which permits a federal district court to vacate an arbitration award "where the arbitrators exceeded their powers." *Id.* at 1113. The court held that "[c]onsequently, the court was not empowered to enjoin arbitration of the nonarbitrable claims under the All Writs Act." *Id.*

The Court finds *Klay* to be distinguishable from the circumstances present in this case. First, this Court's November 20, 2017, order, specifically enjoined the Williamses from raising certain counterclaims in arbitration and its ruling was affirmed on appeal. Doc. 36 at 2 ("The district court . . . issued an order dividing the counterclaims into two categories: those the Williamses could raise in arbitration and those they could not."). Accordingly, proceeding to arbitrate claims which the Court enjoined from arbitration directly circumvents and undermines the Court's order. More importantly, however, the Court has serious concerns over whether it has any other remedies at law to protect its jurisdiction over a claim of affirmative damages arising from Defendants' breach-of-contract counterclaim. In his report, Defendants' expert opined that Plaintiff breached the fee agreement and breached the applicable standard of care for an attorney representing defendants, and that Plaintiff's actions were the legal cause of Defendants' damages which, based on the easement and land value, included damages estimated ranging from $350,600 to $1,923,755; attorneys' fees of $257,000; and capital gains taxes of $300,000. Doc. 52-13 at 18-20. Any damages award by the arbitration panel would necessarily encompass damages as an offset to Plaintiff's attorneys' fees claim, which is within the arbitration panel's jurisdiction to

12

award, as well as damages exceeding Plaintiff's attorneys' fees claim, which is outside of the arbitration panel's jurisdiction to award.

In summary, what this current dispute comes down to is whether or not the arbitration panel can award affirmative damages against Plaintiff under arbitration counterclaim IV or any other portion of the counterclaims in arbitration. This Court made clear in its previous rulings that the arbitration was to determine Plaintiff's claimed fee, if any, but that any affirmative damages award would not and could not come from the arbitration proceedings. Instead, any affirmative award against Plaintiff would have to come through a trial in federal district court. The Court of Appeals put all this succinctly when it held that:

> It is true that arbitrability generally does not depend on the remedy sought, but that is because arbitration clauses, especially broad ones, often do not say anything about the available remedies. But here, the fee agreement ties arbitration to a particular remedy available to the firm: recovery of the termination fee. So it is logical—indeed, necessary—to determine what the counterclaims seek. If what they seek is to reduce or eliminate the money the Williamses owe the firm, the claims are arbitrable; if they seek something else—like money *from* the firm—they are not.

Doc. 36 at 6.

At this juncture, the Court concludes that it is necessary and appropriate to enjoin arbitration of any counterclaim for affirmative damages to enforce this Court's order, that was affirmed on appeal, enjoining arbitration of Defendants' damages claims that exceed the termination fee Plaintiff claims to be owed.

### III. Motion to Stay

The Court entered a stay on September 27, 2019, to allow the Court to rule on the pending Motion to Re-Declare the Scope of Arbitration and Motion to Disqualify Arbitrators. Having now ruled on those motions, the Court ordinarily would have lifted the stay on arbitration. However, the Court's order granting stay of the arbitration, Doc. 68, is on appeal and the Court is without jurisdiction to enter such an order at this time. *See Chambers v. Pennycook*, 641 F.3d 898, 903-04 (8th Cir. 2011).

Accordingly, it is hereby ORDERED:

1) Defendants' Motion for Reconsideration, Doc. 46, was considered and is DENIED; and

2) Plaintiff's Motion to Re-Declare Scope of Arbitration Proceedings, Doc. 50, is GRANTED. The parties are enjoined from arbitrating counterclaims seeking damages that exceed the attorneys' fees claimed by Plaintiff in this matter. The Court ruled in its November 20, 2017, order, Doc. 26, that "[a]rbitrators determining damages against Plaintiff was not reasonably contemplated by the parties when they entered into the Attorney Fee Contract arbitration clause" and that "the parties would not have contemplated a separate award of damages against Plaintiff except as an offset against claimed attorney fees;" and

3) Plaintiff's Motion to Disqualify Arbitrators Martineau and Johnson, Doc. 55, is DENIED.

Dated this 27th day of November, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK